UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STANLEY GOLDING, PATRICK CLARKE, OSHANE BURRELL, WAYNE EDWARDS, TERRILL VADEN, DWIGHT THOMAS, ALVIN JOHNSON, and MURRAY ISHMAEL,

                    Plaintiffs,

     -against-

THE CITY OF NEW YORK, Sgt. JOHN DOE, P.O. JOHN DOE #1, P.O. JOHN DOE #2 and P.O. JOHN DOE #3,

                    Defendants.

Index No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

## **PRELIMIARY STATEMENT**

1. This is a civil rights action in which Plaintiffs, STANLEY GOLDING, PATRICK CLARKE, OSHANE BURRELL, WAYNE EDWARDS, TERRILL VADEN, DWIGHT THOMAS, ALVIN JOHNSON, and MURRAY ISHMAEL seeking damages for personal injuries sustained as a result of the defendants' violation of his rights as secured by 42 U.S.C. §§1983, 1985 and 1986, and by the Fourth Amendment, Fifth Amendment, Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution, and for rights secured under the laws and Constitution of the State of New York. Plaintiffs also sue in traditional tort pursuant to pendent State claims. Plaintiffs were deprived of their constitutional and common law rights when the individual defendants unlawfully confined plaintiffs, and caused the unjustifiable arrest and detention of plaintiffs. Plaintiffs seek damages, compensatory and punitive, affirmative and equitable relief, and award of costs and attorney's fees and such other and further relief as this Court deems equitable and just.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343, 1343(a)(3) and (4), this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights. The amount of damages in controversy is in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs.

3. Any claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy. Jurisdiction of this court for the pendent claims is authorized by F. R. Civ. P. 18(a) and arises under the doctrine of pendent jurisdiction.

5. The Plaintiffs respectfully demand a trial by jury on each and every one of the claims as pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(a), (b) and (c) and §1402 (b) because the claims arose in this district.

## PARTIES

7. Plaintiffs, STANLEY GOLDING, PATRICK CLARKE, OSHANE BURRELL, WAYNE EDWARDS, TERRILL VADEN, DWIGHT THOMAS, ALVIN JOHNSON, and MURRAY ISHMAEL, hereinafter "PLAINTIFFS", are citizens of the United States and at all times relevant hereto, are residents of the State and City of New York, County of Kings.

8. Upon information and belief, at all times hereinafter mentioned, Defendant, THE CITY OF NEW YORK, ("CITY"), was and is a municipal corporation duly organized and existing under the laws of the State of New York.

9. At all times hereinafter mentioned, Defendant CITY is a municipal entity authorized under the laws of the State of New York to operate and maintain the NEW YORK CITY POLICE DEPARTMENT ("NYPD"), <u>inter alia</u>, which acts as its agents in the area of law enforcement, custodial care and management of criminal offenders, and for whose actions, and the actions of individual police officers employed thereby, defendant CITY was and is ultimately responsible.

10. At all times hereinafter mentioned, Defendant CITY operated, maintained and controlled the NYPD, including all police officers therein and assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the consumers of the services provided be the NYPD.

11. Upon information and belief, at all times hereinafter mentioned, Defendant SGT. JOHN DOE (hereinafter "SGT. DOE"), was employed as a Sergeant by defendant CITY, assigned to a precinct with the NYPD, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees. Defendant SGT. DOE is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within the scope and authority of his employment with the NYPD.

12. Upon information and belief, at all times hereinafter mentioned, Defendant P.O. JOHN DOE #1 (hereinafter "DOE #1"), was employed as a Police Officer by defendant CITY, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees.

Defendant DOE #1 is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

13. Upon information and belief, at all times hereinafter mentioned, Defendant P.O. JOHN DOE #2 (hereinafter "DOE #2"), was employed as a Police Officer by defendant CITY, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees. Defendant DOE #2 is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

14. Upon information and belief, at all times hereinafter mentioned, Defendant P.O. JOHN DOE #3 (hereinafter "DOE #3"), was employed as a Police Officer by defendant CITY, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees. Defendant DOE #3 is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

15. At all times relevant herein, each and every individual defendant herein was acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City of New York, at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City of New York, and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

## STATEMENT OF THE FACTS

16. On or about February 24, 2023 at approximately 10:00pm, officers from NYPD, led by Sgt. Doe[1], without permission or authorization and with guns drawn, forcefully entered the establishment known as Island Seas Lounge located at 1440 Utica Avenue, Brooklyn, New York, New York.

17. On this date at or about that time, the owner, Patrick Clarke (kitchen), and seven employees were present at the restaurant: Stanley Golding (Manager-front of the restaurant), Oshane Burrell (kitchen), Wayne Edwards (kitchen), Terrill Vaden (kitchen), Dwight Thomas (kitchen), Alvin Johnson (kitchen) and Murray Ishmael (basement).

18. While engaged in the course of routine restaurant operations, a loud and reverberating banging was heard behind the wall of a 'dead door' that was in the kitchen.

19. Mr. Clarke and the employees who were in the kitchen were startled. The 'dead door' had always been sealed, and it was believed that there was a wall on the other side of the door.

20. Mr. Clarke and the employees who were in the kitchen began to yell 'stop' and that 'the door is not an entrance', that the 'there was an entrance at the front of the building'. However, the loud and reverberating banging continued causing shelves to fall and cases of alcohol to fall to the floor and break.

21. Hearing the noise and shouts, Mr. Golding left the customers in the front of the restaurant and made his way to the kitchen.

22. Mr. Clarke and the employees in the kitchen were unsure of what was going on. There was no response to the continued shouts of the parties to stop.

23. Within moments the steel door was torn open causing a water pipe burst, and police officers in tactical gear with weapons drawn burst through the door and entered the kitchen.

24. Mr. Clarke and the employees in the kitchen tried to speak and explain that he was the owner of the restaurant, however, he and the other employees in the kitchen were ordered to kneel down. Mr. Clarke tried to comply; however, he suffers from back pain and when he did not kneel fast enough an officer hit him with a shield and he fell to the ground and an officer stepped on the back of his neck and shoulder, pushing his face in the dirty pipe water.

25. Mr. Golding entered the kitchen while the officers were ordering the other kitchen employees to lie on the ground on their stomachs. Mr. Golding tried to inquire as to what was going on when an officer pointed his assault rifle at him and ordered him to get on the ground; then shoved him to the ground with his shield and put his foot on his back and held him there.

26. Mr. Ismael was brought up from the basement at gun point and forced to lie on the ground face first.

27. Mr. Clarke and Mr. Golding kept asking 'why the officers were there' and 'what was going on'? Mr. Golding asked for a warrant, but he was ignored.

28. The officers placed the Plaintiffs in handcuffs and

29. The officers held the Plaintiffs on the ground at gunpoint for approximately 20 to 30 minutes.

30. The officers received a phone call and shortly thereafter uncuffed the Plaintiffs and allowed them to stand.

---

[1] The names and bade numbers of the officers were never provided, nor reports or invoices given to plaintiffs. Plaintiffs reserve the right to substitute names and information for the unknown officers after discovery is provided.

31. Plaintiffs repeatedly asked for a warrant, but a warrant was never produced or shown to them.

32. At or about, 2am the officers in tactical gear, shields and weapons eventually left through the whole in the wall.

33. No explanation was provided as to why a whole was torn in the restaurant kitchen wall or why multiple tactical officers entered the restaurant kitchen with guns drawn and terrorized and brutalized the Plaintiffs.

34. The Plaintiffs were never processed or prosecuted, and to date, although requested, no warrant has been produced.

35. The arrest and terrorization of the Plaintiffs, was made without proper cause or justification and in violation of proper process and procedures of the NYPD officers.

36. The false arrest, false imprisonment, and civil rights violations of the Plaintiffs by defendants caused them to sustain personal, psychological and emotional trauma.

37. A Notice of Claim was filed and served on the Comptroller of the City of New York and at least thirty (30) days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

38. Hence the necessity of the instant action.

## FIRST CAUSE OF ACTION

### Violations of Plaintiffs' Fourth Amendment and Fourteenth Amendment Rights

39. Plaintiffs repeat the allegations made in paragraphs 1-38 and incorporate those allegations by reference with the same force and effect as if herein set forth.

40. At all times relevant herein, the conduct of all defendants was subject to 42 U.S.C. §§1983, 1985, 1986, and 1988.

41. The conduct of defendants SGT. DOE and DOES #1, 2 and 3 on or about February 24, 2023, acting under color of state law, jointly and severally, in conspiring with each other to cause, in failing to prevent others from causing, and in unlawfully arresting and causing Plaintiffs to be imprisoned without probable cause in violation of Plaintiffs' right to be free from an illegal seizure under the Fourth Amendment of the Constitution of the United States and to free of a deprivation of liberty under the Fourteenth Amendment of the Constitution of the United States, did undertake with deliberate indifference, intentionally, maliciously and/or with reckless disregard for the natural and probable cause of their acts without lawful justification, and was designed to and did cause specific and serious physical and emotional harm, pain and suffering in violation of Plaintiff's Constitutional rights.

42. WHEREFORE, on this claim Plaintiffs demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

## SECOND CAUSE OF ACTION

### Violation of Plaintiffs' Fourth Amendment Rights

43. Plaintiff repeat the allegations made in paragraphs 1-42 and incorporate those allegations by reference with the same force and effect as if herein set forth.

44. The seizure of plaintiff by defendant police officers SGT. DOE and DOES #1, 2 and 3 in wrongly entering and remaining on the property and place of business of Plainitffs' without a warrant and seizing then and their property without a warrant during the arrest, detention and imprisonment was an objectively unreasonable physical seizure of Plaintiffs and

their property in violation of their rights under the Fourth Amendment to the United States Constitution.

45. WHEREFORE, on this claim Plaintiffs demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

### THIRD CAUSE OF ACTION

### False Arrest

46. Plaintiff repeat the allegations made in paragraphs 1-45 and incorporate those allegations by reference with the same force and effect as if herein set forth.

47. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiffs, and, in fact, confined Plaintiffs, and Plaintiffs were conscious of the confinement. In addition, Plaintiffs did not consent to the confinement and the confinement was not otherwise privileged.

48. Defendants SGT. DOE and DOES #1, 2 and 3 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department, which are therefore responsible for their conduct.

49. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

50. WHEREFORE, on this claim Plaintiffs demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

# FOURTH CAUSE OF ACTION

## Negligent Infliction of Emotional Distress

51. Plaintiff repeat the allegations made in paragraphs 1-50 and incorporate those allegations by reference with the same force and effect as if herein set forth.

52. By the actions described above, Defendant CITY through its agents and employees, Defendants SGT. DOE and DOES #1, 2 and 3 committed the wrongful act of **negligent infliction of emotional distress**, which is a tortuous act under the laws of the State of New York, by: negligently entering and remaining on the premises without cause and justification in a manner in which it was foreseeable that the Plaintiffs would be imprisoned and confined, defendants actions subjected Plaintiffs to terror and brutalization causing them emotional harm and humiliation.

53. The defendants' acts were outrageous in the extreme, failing to exercise reasonable care beyond boundaries of decency and utterly unacceptable in a civilized society. They resulted in mental and physical injuries to the Plaintiffs, the ramifications of which are still felt to the present day.

54. As a consequence of the foregoing acts, Plaintiffs sustained injuries, physical, psychological, and emotional, and was otherwise damaged.

55. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

56. WHEREFORE, on this claim Plaintiffs demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

## FIFTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

57. Plaintiffs repeat the allegations made in paragraphs 1-56 and incorporate those allegations by reference with the same force and effect as if herein set forth.

58. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise Defendants SGT. DOE and DOES #1, 2 and 3 individuals who were unfit for the performance of police duties on February 24, 2023, at the aforementioned location.

59. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

60. WHEREFORE, on this claim Plaintiffs demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

61. WHEREFORE, on this claim Plaintiffs demands that sanctions be imposed against defendants in an amount 'costly enough that it will not be undertaken' up to and including a ruling in Plaintiffs' favor.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs demand the following relief jointly and severally against all of the Defendants:

a. Compensatory damages in the amount of $1,250,000.00.

b. Punitive damages in the amount of $1,250,000.00.

c. A court order, pursuant to 42 U.S.C. §1988, stating that the Plaintiffs are entitled to the costs involved in maintaining this action, including attorney's fees.

d. For such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated: New York, New York
November 4, 2024

_____
Robert Rambadadt, Esq. (RR 9959)
**THE RAMBADADT LAW OFFICE**
Attorneys for Plaintiffs
16 Madison Sq. West, 12th Floor
New York, New York 10010
(646) 450-8049

# ATTORNEY'S VERIFICATION

STATE OF NEW YORK  )
COUNTY OF NEW YORK)ss.:

    I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am member of THE RAMBADADT LAW OFFICE, attorneys of record for the Plaintiff in the within action; I have read the foregoing;

## COMPLAINT

and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true. The reason this verification is made by me and not by petitioner is that deponent maintains offices outside the County in which petitioner resides.

    The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  entire file maintained in your deponent's offices; investigations, etc.

    I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
       November 4, 2024

_____
        ROBERT RAMBADADT

THE RAMBADADT LAW OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STANLEY GOLDING, PATRICK CLARKE, OSHANE BURRELL, WAYNE EDWARDS, TERRILL VADEN, DWIGHT THOMAS, ALVIN JOHNSON, and MURRAY ISHMAEL,

                Plaintiffs,

   -against-

THE CITY OF NEW YORK, Sgt. JOHN DOE, P.O. JOHN DOE #1, P.O. JOHN DOE #2 and P.O. JOHN DOE #3,

                Defendants.

**COMPLAINT**

**THE RAMBADADT LAW OFFICE**
Attorneys for Plaintiffs
16 Madison Sq. West, 12th Floor
New York, New York 10010
(646) 450-8049

TO:

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: __11/4/2024_____      Signature:_____

                                                   Print Signer's Name: __Robert Rambadadt_____